certificate to be lodged with, or delivered to the Jailer, before he leave the limits, or his departure will be a breach of the bond.

ACTION on Jail bond.

*Plea*—Taht the the debtor, who was confined in the limits, had been admitted to the poor debtor's oath, and that the Justices had adjudged that he ought to be discharged. Demurrer.

Decided—That the plea is insufficient; the Statute makes necessary, to the discharge of the prisoner, that a certificate should be made out, by the Justices, and lodged with, or delivered to the keeper of the Jail, 1 Stat. 288, and a departure from the limits, before the delivery of such certificate, is a breach of the bond.

----

PRACTICE—See Abatement 8, 10. Error 3. Appeal 2.

----

## PRESCRIPTION.

### No. 1.

HURLBUT *against* LEONARD. *Rutland*, 1816.

TWENTY years' quiet enjoyment, of flowing the adjoining lands, by the waters of a mill-pond, shall secure the right, by prescription, or rather afford the presumption of a grant of the easement.

----

### No. 2.

ROGERS *against* PAGE ET AL. *Addison*, 1817.

AN absolute right, to a water course, may be acquired, by 15 years' uninterrupted possession, use, and occupation, claiming right, thereto, adverse to all others.

----

### No. 3.

HURLBUT *against* LEONARD. *Rutland*, 1818.

IN an action, on the case, for erecting a dam across a stream

2 B

of water, in Orwell, by which the plaintiff's lands, described in his declaration, were flowed. On the trial, upon the issue of not guilty, the Judge charged the Jury, that, if they should be convinced, from the evidence, that the dam, across said stream, by means of which, the plaintiff's land had been overflowed, had been erected and conntined for more than 15 years, to the height it was, at the time of the commencement of the plaintiff's action, the Jury ought to find a verdict for defendant. And also, that the Jury, in said cause, having returned into Court, not agreed upon a verdict, some of the Jurors requested of the Court to be informed, whether, by law, the fifteen years should be considered to begin to run, from the erection of the dam, to its uniform height, or from the time when the plaintiff received, or suffered, actual damages to his lands. Whereupon the Court instructed the Jury, that, the fifteen years would begin to run, from the time of the erection and completion of the dam.

Verdict for defendant, and motion for new trial, founded on exceptions to the charge of the Judge.

The Court decided, that the fifteen years ought to be computed, commencing at the time when the plaintiff's lands were first flowed, or received actual injury.

New trial granted—Judge Doolittle dissenting.
See New Trial 7.

---

PROBABLE CAUSE—See Malicious Prosecution.

---

PROBATE—See Abatement 4. Ex. and Ad. 3, 6, 9.

---

# PROMISSORY NOTE.

## No. 1.

### ELLIS against KELLY. Windham, 1817.

A negotiable note may be sued, in any town, where the endorsee resides, although it is admitted, by demurrer, to the